**SUMMONS ISSUED**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JONATHAN GRUNWALD on behalf of himself and
all other similarly situated consumers

                Plaintiff,

-against-

GC SERVICES LIMITED PARTNERSHIP,
JONATHAN ALLEN, ROBERT PETTIER,
RACHEL RODRÍGUEZ, MARGRET WALLMACK,
PATRICIA ANTONIO, BIANCA CULPEPER,
AND IRIS MARIE WILLIAMS

                Defendants.

**CV 13 4863**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 29 2013 ★
LONG ISLAND OFFICE

COGAN, J.
POLLAK, M

## CLASS ACTION COMPLAINT

*Introduction*

1. Plaintiff Jonathan Grunwald seeks redress for the illegal practices of GC Services Limited Partnership, Jonathan Allen, Robert Pettier, Rachel Rodríguez, Margret Wallmack, Patricia Antonio, Bianca Culpeper, and Iris Marie Williams in which they unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

*Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 15 U.S.C. § 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendants sought to collect from the Plaintiff involves a consumer debt.

5. Upon information and belief, Defendants' principal place of business is located within Houston, Texas.

6. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7. Defendants are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### *Allegations Particular to Jonathan Grunwald*

10. Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from the Plaintiff.

11. Within the one year immediately preceding this action, the Defendants left many messages on the Plaintiff's answering machine on numerous occasions.

12. By way of limited example only, the following is an example of one such message left on the Plaintiff's answering machine on or about December 14, 2012:

    "Hello this message is for Jonathan Grunwald; if you could please give me a callback as soon as possible; my name is Jonathan Allen; my number is (866) 862-2793; thanks."

13. By way of limited example only, the following is an example of another such message left on the Plaintiff's answering machine on or about December 19, 2012:

"This message is for Jonathan Grunwald; my name is Robert Pettier; I need to receive a callback to my office; the number is (866) 862-2793; my direct extension is 3740; this is a personal business matter; thank you."

14. By way of limited example only, the following is an example of another such message left on the Plaintiff's answering machine on or about December 26, 2012:

"Hello; this message is for Jonathan Grunwald; my name is Rachel Rodríguez; it is important you return my call please to (866) 862-2793; again that number is (866) 862-2793."

15. By way of limited example only, the following is an example of another such message left on the Plaintiff's answering machine on or about January 10, 2013:

"Hello this message is for Jonathan Grunwald; my name is Margret Wallmack; please call me at (866) 391-0768 extension 5096 between the hours of 7am and 7pm mountain standard time; again my number is (866) 391-0768 extension 5096."

16. By way of limited example only, the following is an example of another such message left on the Plaintiff's answering machine on or about January 26, 2013:

"Hello; this message is for Jonathan Grunwald; my name is Patricia Antonio; please call me at (866) 391-0768 extension 5087 between the hours of 7am to 7 pm mountain standard time; again my number is (866) 391-0768 extension 5087."

17. By way of limited example only, the following is an example of another such message left on the Plaintiff's answering machine on or about February 23, 2013:

"Hello this message is intended for Jonathan Grunwald; my name is Bianca Culpeper; if you could return my phone call as soon as you get this message; my phone number (866) 862-2793."

18. By way of limited example only, the following is an example of another such message left on the Plaintiff's answering machine on or about March 8, 2013:

"Hello this message is intended for Jonathan Grunwald; my name is Iris Marie Williams; if you'll please return my call as soon as you receive this message; my number is (866) 862-2793."

19. The Defendants failed to identify themselves as debt collectors attempting to collect a debt.

20. In addition, the Defendants failed to state their company's legal name.

21. Upon information and belief, the said messages were either pre-scripted or pre-recorded.

22. Defendants have engaged in a pattern of leaving messages without disclosing its legal name or that the communication is from a debt collector.

23. The said telephone messages are in violation of 15 U.S.C. §§ 1692d(6), 1692e, 1692e(10) and 1692e(11) for failing to indicate that the messages were from a debt collector and for not meaningfully disclosing the caller's identity which constitutes a deceptive practice.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendants.*

24. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through twenty three (23) as if set forth fully in this cause of action.

25. This cause of action is brought on behalf of Plaintiff and the members of a class.

26. The class consists of all persons whom Defendants' records reflect resided within the State of New York who received telephonic messages from the Defendants within one year prior to the date of the within complaint up to and including the date of the filing of

this Complaint; (a) involving telephone messages which were placed without setting forth that the communication was from a debt collector; and (b) that the telephone messages were in violation of 15 U.S.C. 1692 §§ 1692e(10) and 1692e(11).

27. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (a) Based on the fact that form telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    (b) There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendants violated the FDCPA.

    (c) The only individual issue involves the identification of the consumers who received such telephonic messages (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendants.

    (d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

    (e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

28. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally

unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

29. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

30. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

31. The Defendants' actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

32. Because the Defendants violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendants and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k); And

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
August 28, 2013

*[signature]*

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

*[signature]*
Adam J. Fishbein (AF-9508)